# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## AMARILLO DIVISION

| | | |
|---|---|---|
| SHEILA DOSS, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| EMPLOYERS INSURANCE OF WAUSAU | § | 2:10-CV-146-J |
| and BARRY W. ODELL, | § | |
| | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR REMAND

Before the Court are Plaintiff's motion and supplemental motion for remand, and Defendant's responses in opposition. For the following reasons, Plaintiff's motion for remand is granted.

### Background

This action arises from the alleged bad faith handling and wrongful denial of Plaintiff's workers' compensation claim following an on-the-job injury in a single car wreck occurring during the course and scope of Plaintiff's employment at Pantex. Following her injury, Plaintiff submitted a claim to the Defendant under the workers' compensation policy maintained on her behalf by her employer. Defendants denied benefits. Defendant Barry Odell was the adjuster for Plaintiff's claim. Plaintiff successfully appealed the denial to the Texas Department of Insurance, which determined that Plaintiff had a compensable on-the-job injury, and ordered Defendant Employers Insurance of Wausau (Wausau) to pay her benefits in accordance with the terms of its order.

Plaintiff then filed this lawsuit in state district court to recover for injuries she alleges were caused by Defendants' violations of Section 541.060 of the Texas Insurance Code (formerly Article 21.21), in the improper handling of her workers' compensation claim, including unfair settlement

practices./[1] Defendants removed this action to federal court based on diversity jurisdiction, claiming that Defendant Odell was improperly joined to defeat diversity jurisdiction. Plaintiff timely moved for remand, arguing that removal of this case was improper. Plaintiff contends that Odell was properly joined as a defendant in this action, and therefore complete diversity of citizenship is lacking. It is undisputed that Plaintiff and Odell are citizens of Texas. Thus, if adjuster Odell was properly joined in this lawsuit, this Court lacks diversity jurisdiction.

## Legal Standards

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008)(quoting *McLaughlin v. Miss. Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). Further, pursuant to 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if an improperly joined defendant is a citizen of the state in which the action is brought. Because the jurisdiction of the federal courts is limited, a federal court must presume that a suit falls outside its jurisdiction. *See Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing it. *Id.* In the removal context, that burden is the removing party. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

"When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that joinder was improper." *Smallwood v. Illinois Cent. R.R.,* 385 F.3d 568, 576

---

[1] Plaintiff also alleges causes of action against Odell under the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA), which provides that a violation of the Texas Insurance Code also constitutes a violation of the DTPA, and the Texas common-law duty of good faith and fair dealing.

(5th Cir. 2004)(*en banc*).  Improper joinder may be proven in two ways.  A defendant may establish improper joinder by demonstrating actual fraud in the pleading of jurisdictional facts.  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).  That is not Defendants' allegation in this case; therefore, alternatively, a defendant may establish improper joinder by proving that the Plaintiff will be unable to establish a cause of action against the non-diverse defendant in state court.  *Id.*  Because the citizenship of Defendant Odell is not in dispute, the proper focus is on the second inquiry.

A non-diverse defendant will be found to be improperly joined if there is no possibility that the Plaintiff can establish a cause of action against that Defendant under the applicable law.  *Id.*  "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiffs case."  *Smallwood.* 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 309 (5th Cir. 2005)(in assessing whether a defendant has been improperly joined, court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so.").  A court must view all factual allegations in the light most favorable to the Plaintiff and any contested issues of fact or ambiguities of state law must be resolved in plaintiff's favor.  *Travis.* 326 F.3d at 649.  Thus, Defendants assume a heavy burden in establishing improper joinder.  *Id.*  They must establish that there is no arguably reasonable basis for predicting that state law might impose liability on Odell based on the allegations.  *Smallwood.* 385 F.3d at 573.

There are two proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law.  *Smallwood,* 385 F.3d at 573.  The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b) challenge, there is no improper joinder.  *Id.*  To survive a Rule 12(b) motion to dismiss, a

plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* __U.S. __, 129 S.Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Fifth Circuit has cautioned district courts against "pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995).

### Reasonable Basis to Predict Recovery Against Defendant Odell

Defendants argue that Plaintiff fails to allege facts showing that in the adjustment of Plaintiff's workers' compensation claim actionable conduct was committed by Odell. Defendants argue that Plaintiff's allegations are insufficient because they are legal conclusions couched as factual allegations. Plaintiff argues that Odell was properly joined because she has asserted a valid cause of action against him under the Texas Insurance Code, Section 541.060. Plaintiff argues the sufficiency of the factual allegations made in her first amended complaint.

Those factual allegations are that the denial of benefits letter, which is attached as an exhibit to her complaint, specifically names Odell as the adjuster for Plaintiff's claim, a fact which Defendants do not dispute. Plaintiff alleges that Odell denied the claim after a cursory investigation lasting only six days or less, that he was predisposed to deny the claim, and that his denial was based upon two unreasonable grounds.[2]

Texas law allows a claim under Chapter 541 of the Texas Insurance Code against an adjuster in his individual capacity. *See Liberty Mutual Ins. Co. v. Garrison Contractors. Inc.,* 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 283 (5th Cir. 2007).

---

[2] The reasons for denial were, first, that it was an untimely-made claim and, second, because Odell found that the Plaintiff was not acting within the course and scope of her employment when she was injured, because she was not furthering the affairs of her employer. Defendants' untimeliness argument was abandoned at some point during the appeal of the claim's denial, and the administrative judge ruled that when injured Plaintiff was acting within the course and scope of her employment.

A claims adjuster may qualify as a "person" who is "engaged in the business of insurance" for purposes of violations of the Texas Insurance Code and DTPA. *See* Tex. Ins. Code Ann. § 541.002; Tex. Bus. & Comm. Code Ann. § 17.50; *Garrison Contractors*, 966 S.W.2d at 487 ("section 16 of Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance."); *Vargas v. State Farm Lloyds*, 216 F.Supp.2d 643, 648 (S.D. Tex. 2002) (although "the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims."). It is undisputed that Odell was the adjuster who denied Plaintiff's claim. Accordingly, Odell is a "person" who may be subject to liability under Chapter 541 of the Texas Insurance Code.

Defendants argue that Plaintiff's allegations are too conclusory to survive a Rule 12(b)(6)-type analysis. In her complaint Plaintiff alleges that Odell, as claims adjuster, committed, among other violations, unfair settlement practices in violation of section 541.060 of the Texas Insurance Code by failing to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability had become reasonably clear. She alleges that Odell failed to provide promptly a reasonable explanation, supported by the facts and applicable Texas law, for the denial of her claim. She alleges that he refused to pay her claim without conducting a reasonable investigation with respect to the claim. Plaintiff alleges that Wausau and Odell's delay imposed severe economic distress upon her and caused her to have to pay attorney's fees and costs, reasonably anticipated consequences from which she is still fighting to recover. She alleges that she has suffered financial harm and damage by Odell and Wausau's unreasonable denial and their repeated delays in paying her claim.

Resolving all factual disputes and ambiguities in Plaintiff's favor, as the Court is obliged to do in analyzing improper joinder, *Travis*, 326 F.3d at 649; *Guillory*. 434 F.3d at 308; *Gasch*, 491

F.3d at 281, the Court concludes that Plaintiff's factual allegations in her amended complaint state a plausible claim that Odell, while acting as a "person" engaged in the insurance business, acted in violation of section 541.060. As stated, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. From the facts alleged in Plaintiff's complaint, the Court is able to draw the "reasonable inference" that Odell could be liable under Texas law for the alleged misconduct. *See Iqbal*, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

While the allegations do not indisputably establish that Odell will be liable under Texas law for the alleged causes of action, this is not the test. Rather, it is Defendants' heavy burden to show that Plaintiff has no reasonable possibility of recovery against Odell. *Smallwood*, 385 F.3d at 573. Defendants have not shown that Plaintiff has no reasonable possibility of recovery against him. For all of the above-stated reasons, the Court concludes that Defendants have not satisfied their burden of establishing that Odell was improperly joined in this lawsuit.

## Conclusion

Defendants have failed to establish that the Plaintiff will be unable to assert a cause of action against Defendant Odell under applicable state law. The Court concludes that Defendants have not shown that Odell was improperly joined in this case. Accordingly, the Court grants Plaintiff's motion for remand. This action is hereby remanded to the 181st Judicial District Court in and for Randall County, Texas.

It is SO ORDERED.

Signed this the _____ day of January, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE